UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 09/29/2026

NATHANIEL K. GREENHILL,

Plaintiff,

-against-

NORDSTROM RACK, et al.,

Defendants.

No. 24-CV-3150 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

Plaintiff Nathaniel K. Greenhill, appearing *pro se*, invokes the Court's federal question jurisdiction and brings this action against Defendants Nordstrom Rack, Anthony Garcia, Ricky Agyemang (together, the "Nordstrom Defendants") and Police Officer Juan Santa and Police Officer John Fitz Simmons (the "Police Defendants"). The Court construes the Complaint as asserting federal constitutional claims under 42 U.S.C. § 1983 and supplemental state-law claims.

Presently before the Court is the Nordstrom Defendants' Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(c), or, in the alternative, Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56. For the following reasons, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims against the Nordstrom Defendants. Accordingly, Plaintiff's state-law claims against the Nordstrom Defendants are dismissed without prejudice.

## BACKGROUND[1]

### I. Factual Background

Plaintiff alleges that on March 19, 2024, Plaintiff was leaving Nordstrom Rack and was approached by three Nordstrom Rack "loss prevention workers:" Ricky Agyemang, Anthony Garcia and "another short male." (Comp. at 4.) Plaintiff alleges he was grabbed by Defendant Agyemang, squeezing his shoulder and grabbing his right arm. (*Id.*) Defendant Garcia allegedly tugged the front of Plaintiff's jacket and attempted to twist Plaintiff's arm behind his back. (*Id.*) The other worker allegedly tried to handcuff Plaintiff. (*Id.*) The Nordstrom Rack workers allegedly got Plaintiff to the exit door and slammed him to the wall and cuffed his left wrist. (*Id.*) Police Defendants John Fitz Simmons and Juan Santa allegedly approached and twisted Plaintiff's wrist and tased Plaintiff. (*Id.*) Plaintiff was then allegedly taken to police headquarters and charged with "a bunch of made-up charges." (*Id.*)

### II. Procedural History

Plaintiff commenced this action on April 23, 2024, asserting claims against the Nordstrom Defendants and the Police Defendants. (ECF No. 1.) On August 8, 2024, the Nordstrom Defendants filed an Answer and asserted a crossclaim for contribution against the Police Defendants. (ECF No. 12.) On August 12, 2024, the Police Defendants filed an Answer and asserted a crossclaim for indemnification and/or contribution against the Nordstrom Defendants. (ECF No. 14.)

The Parties then began discovery. (ECF No. 20.) On April 14, 2025, the Police Defendants and Plaintiff represented to Magistrate Judge Victoria Reznik that Plaintiff intended to withdraw

[1] The parties' briefs will be referred to herein as follows: Nordstrom Defendants' Memorandum of Law in Support of their Motion to Dismiss ("Dfts. Mem.," ECF No. 71-15); Plaintiff's Opposition to Defendants' Motion to Dismiss ("Pltf. Opp. to Dfts.," ECF No. 72); Nordstrom Defendants' Reply in Support of their Motion to Dismiss ("Dfts. Reply," ECF No. 73).

the claims asserted against the Police Defendants. (ECF No. 41.) On June 13, 2025, the Court granted Plaintiff's and the Police Defendants' stipulation voluntarily dismissing with prejudice all claims against the Police Defendants. (ECF No. 50.)

On November 10, 2025, the Nordstrom Defendants filed a letter seeking leave to file a motion to dismiss. (ECF No. 67.) The Court directed Plaintiff to respond, but Plaintiff never responded. (ECF No. 68.) On April 16, 2026, the Nordstrom Defendants once again sought leave to file a motion to dismiss, and the Court set a briefing schedule. (ECF No. 69, 70.) On July 31, 2026, Defendants filed their Motion to Dismiss the Complaint and their reply in support. (ECF Nos. 71, 73.) On the same day, Defendants filed Plaintiff's opposition. (ECF No. 72.)

## LEGAL STANDARD

### I. Supplemental Jurisdiction

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over state-law claims if it has dismissed all claims over which it has original jurisdiction. In determining whether to retain jurisdiction, courts consider the values of judicial economy, convenience, fairness, and comity. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Where all federal claims are dismissed before trial, the balance of these factors ordinarily favors declining to exercise supplemental jurisdiction over the remaining state-law claims. *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006).

## DISCUSSION

The Nordstrom Defendants move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(c), or, in the alternative, move for Summary Judgement pursuant to Federal Rule of Civil Procedure 56. (*See generally* Dfts. Mem.) However, because Plaintiff's federal claims against the Police Defendants have been voluntarily dismissed, the Court declines to

exercise supplemental jurisdiction over the remaining state-law claims against the Nordstrom Defendants.

**I. Supplemental Jurisdiction**

When a plaintiff proceeds *pro se*, courts construe the pleadings liberally and interpret them "to raise the strongest arguments that they suggest." *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010) (internal quotation marks and citation omitted). Nevertheless, a *pro se* plaintiff's pleadings must contain factual allegations that sufficiently "raise a right to relief above the speculative level," *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010), and the court's duty to construe the complaint liberally is not "the equivalent of a duty to re-write it," *Geldzahler v. N.Y. Med. College*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009).

Although Plaintiff does not expressly identify the statutory basis for his claims, the Complaint, liberally construed, asserts federal constitutional claims against the Police Defendants. (Comp. at 4.) Plaintiff alleges that the Police Defendants used physical force against Plaintiff in connection with his detention and arrest, including twisting his arm and tasering him. (*Id.* at 4.) Plaintiff seeks damages for his injuries, including physical injuries and "assassinating [his] character and possibly getting [him] violated of [his] parole supervision, and causing him mental health trauma." (*Id.* at 5.) Taken together—and affording the *pro se* Complaint the liberal construction to which Plaintiff is entitled—those allegations are reasonably construed as asserting claims under 42 U.S.C. § 1983 against the Police Defendants for violations of Plaintiff's constitutional rights. Because the claims arise under federal law, the Court has federal-question jurisdiction over those claims pursuant to 28 U.S.C. § 1331.

The same construction of the Complaint does not transform Plaintiff's allegations against the Nordstrom Defendants into federal constitutional claims. To state a claim under § 1983, a

private individual or entity must be deemed to have been acting under color of state law. *Bishop v. Toys "R" Us-NY LLC*, 414 F.Supp.2d 385, 396 (S.D.N.Y. 2006). Unlike the Police Defendants, Nordstrom Rack, Garcia, and Agyemang are private parties. (Comp. at 4, "I was approached by 3 Nordstrom Rack loss prevention workers.") Plaintiff does not allege that they acted under color of state law, and generally, "[t]he acts of a store security guard generally do not constitute state action for purposes of section 1983." *Bishop*, 414 F.Supp.2d at 396. Accordingly, Plaintiff's allegations that the Nordstrom Defendants used excessive or unreasonable force in detaining him are properly construed as state-law tort claims, rather than federal constitutional claims. *See Cole v. Empire City Casino/MGM*, 2019 WL 2918081, at *3 (S.D.N.Y. July 8, 2019) ("Claims against private parties for false imprisonment or assault and battery arise under state law, which is not a basis for a § 1983 claim."). Likewise, Plaintiff's allegations concerning reputational injury may be liberally construed as asserting a state-law defamation claim. *See Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004) ("Defamation, however, is an issue of state law, not of federal constitutional law, and therefore provides an insufficient basis to maintain a § 1983 action.").

Because the state-law claims arose from the same incident as Plaintiff's federal claims against the Police Defendants, the Court has supplemental jurisdiction over the state-law claims under § 1367(a). *See* 28 U.S.C. 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."); *Shahriar v. Smith & Wollensky Restaurant Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011) ("For purposes of section 1367(a), claims 'form part of the same case or controversy' if they 'derive from a common nucleus of operative fact.'"). However, Plaintiff subsequently voluntarily dismissed with prejudice all claims against the Police Defendants. (ECF

No. 50.) Accordingly, the claims that supplied the basis for the Court's federal-question jurisdiction are no longer before the Court. What remains are Plaintiff's state-law claims against the Nordstrom Defendants arising from their alleged use of unreasonable force and alleged defamation.

The Court declines to exercise supplemental jurisdiction over the remaining state-law claims. *Rodriguez v. Westchester Cnty.*, 2025 WL 1939292, at *3 (S.D.N.Y. July 15, 2025) (noting that a district court "may decline to exercise supplemental jurisdiction over a claim" where it "has dismissed all claims over which it has original jurisdiction") (quoting 28 U.S.C. § 1367(c)). Here, although the parties have completed discovery, the remaining claims arise exclusively under New York law and have not yet been adjudicated on the merits. Moreover, it was Plaintiff himself who voluntarily dismissed the claims that supplied the basis for the Court's original federal-question jurisdiction. Accordingly, Plaintiff's state-law claims against the Nordstrom Defendants are dismissed without prejudice.[2]

## II. Leave to Amend

Leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). It is "within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). However, while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a

---

[2] Because the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims, dismissal of those claims is without prejudice. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("When the balance of [judicial economy, convenience, fairness, and comity] indicates that a case properly belongs in state court . . . the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.")

district court may deny leave to amend when amendment would be futile." *Hassan v. U.S. Dep't of Veterans Affs.*, 137 F. App'x 418, 420 (2d Cir. 2005).

Here, granting Plaintiff leave to amend would be futile. Plaintiff voluntarily dismissed with prejudice his claims against the Police Defendants—the state actors against whom his federal constitutional claims arose. (ECF No. 50.) As to the remaining Nordstrom Defendants, they are private parties, and neither the Complaint nor Plaintiff's subsequent submissions suggests any factual basis from which Plaintiff could plausibly allege that they acted under color of state law for purposes of 42 U.S.C. § 1983. Thus, the defects in any potential federal claim against the Nordstrom Defendants cannot be cured through better pleading. Accordingly, the Court declines to grant Plaintiff leave to amend.

**CONCLUSION**

For the foregoing reasons, the Court declines to exercise supplemental jurisdiction over Plaintiff's claims against the Nordstrom Defendants. Accordingly, Plaintiff's state-law claims against the Nordstrom Defendants are dismissed without prejudice to recommence in the proper forum. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 71 and to terminate the action.

Dated: September 29, 2026
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge